UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BENNIE WOODLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-CV-925 NAB |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Bennie Woodland's application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 423 *et seq.* Woodland alleged disability due to acanthamoeba keratitis[1]. (Tr. 208.) The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 8.] For the reasons set forth below, the Court will affirm the Commissioner's final decision.

**I.   Background**

On December 28, 2011, Woodland applied for disability insurance benefits, alleging disability since November 2, 2011[2]. (Tr. 163-176.) The Social Security Administration ("SSA") denied Woodland's claim and he filed a timely request for hearing before an administrative law judge ("ALJ"). (Tr. 94-105, 119-20.) The SSA granted Woodland's request for review and an

---

[1] Acanthamoeba keratitis is "amebic keratitis [inflammation of the cornea] due to infection by Acanthamoeba species, usually associated with soft contact lens wear, particularly overnight." Dorland's Illustrated Medical Dictionary 979 (37th ed. 2012).
[2] Woodland later amended his alleged onset date to a closed period of disability from December 2, 2011 to June 1, 2013. (Tr. 275).

administrative hearing was held on November 25, 2013. (Tr. 29-64.) Woodland, who was represented by counsel, and a vocational expert testified at the hearing. On December 23, 2013, the ALJ found that Woodland was not disabled as defined in the Society Security Act. (Tr. 17-24.) Woodland requested a review of the ALJ's decision from the Appeals Council. (Tr. 9.) On April 10, 2015, the Appeals Council of the Social Security Administration denied Woodland's request for review. (Tr. 1-4.) The decision of the ALJ thus stands as the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).

Woodland filed this appeal on June 12, 2015. [Doc 1.] The Commissioner filed an Answer and the certified Administrative Transcript on August 24, 2015. [Docs. 11, 12.] Woodland filed a Brief in Support of the Complaint on January 21, 2016. [Doc. 21.] The Commissioner filed a Brief in Support of the Answer on March 23, 2016. [Doc. 24.]

## II.     Standard of Review

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's

decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole to consider:

> (1) The findings of credibility made by the ALJ;
>
> (2) The education, background, work history, and age of the claimant;
>
> (3) The medical evidence given by the claimant's treating physicians;
>
> (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>
> (5) The corroboration by third parties of the claimant's physical impairment;
>
> (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
>
> (7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare,* 623 F.2d 523, 527 (8th Cir. 1980).

**III. Discussion**

Woodland presents one issue for review. He contends that the ALJ committed reversible error by failing to mention his wife's undated written statement in the opinion. The Commissioner contends that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

Based on the a careful review of the record, the Court finds that the ALJ's failure to mention Woodland's wife's letter was not reversible error. The ALJ is required to carefully consider any information submitted by a claimant about her symptoms, including observations by other persons. 20 C.F.R. § 404.1529(c)(3). In *Robinson v. Sullivan*, the Eighth Circuit held

that in circumstances where the ALJ *explicitly* rejects lay witness evidence but fails to provide an explanation for why he rejected the evidence, the failure to provide an explanation is not reversible error where the same evidence that the ALJ refers to in discrediting the claimant's claims also discredits the lay witness' claims. *See Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992) (emphasis added). In such circumstances the Eighth Circuit has refused to remand based on an arguable deficiency in opinion-writing technique that had no effect on the outcome of the case. *Willcockson v. Astrue*, 540 F.3d 878, 880 (8th Cir. 2008).

In *Willcockson*, however, the court was faced with circumstances where it could not "determine from the record whether the ALJ overlooked [lay witness] statements, gave them some weight, or completely disregarded them." *Id*. at 880. The court stated that "though the ALJ is of course not required to accept all lay testimony, we think it is almost certainly error to simply ignore it altogether." *Id*. at 881. The court cited the ALJ's failure to mention the lay witness testimony in his decision as one of multiple reasons supporting its decision to remand. *Id*. at 880. The Court cautioned that individually, the errors might not warrant remand, but in combination, the errors created "sufficient doubt about the ALJ's rationale for denying [the claimant's] claims[.]" *Id*.; *see also Nowling v. Colvin*, 813 F.3d 1110, 1121 (8th Cir. 2016.) (agency decision remanded where third-person testimony was non-redundant, nor discredited by the same evidence that was used to discredit the claimant and the failure to consider the testimony was contrary to the governing regulations among other errors).

More recently, in *Buckner v. Astrue*, the Eighth Circuit relaxed the *Robinson* approach, *see supra*, and held that it was not reversible error for the ALJ to fail to mention lay witness evidence where the same evidence that the ALJ referred to in discrediting the claimant's testimony also discredited the lay witness evidence *and* the ALJ's decision did not suffer from

"other deficiencies," such as was the case in *Willcockson*. *Buckner*, 646 F.3d 549, 560 (8th Cir. 2011). Under *Buckner*, the ALJ's decision may be upheld even though the decision makes no reference to lay witness evidence as long as the decision is not otherwise deficient. *Buckner*, 646 F.3d at 560.

In this case, Woodland's wife, Sandy Woodland authored an undated and unsigned letter to Woodland's counsel. The letter states:

> What I have witness[sic] over the last to [sic] years with Bennie Woodland. I watched a man who used to be very active go completely down hill to doing nothing. Lying on the couch in major pain. Because of the pressure being up so high. He would not eat or anything. Seen him several times that his skin has turned grey were [sic] he had to be taken up to Barnes hospital because of the pressure in his eye was between 30-35, which is not good at all. I watch him consumed with doing his drops every hour on the hour. Getting up in the middle of the night to do the drops and had to watch a very fit confident man go down to not being able to do anything. Watch him very depressed, all because of this disease. I watched him get very frustrated of not being able to see out that eye, and straining his good eye. The head aches and pressure would cause him so much pain.

(Tr. 276.) The ALJ did not mention Ms. Woodland's letter. The ALJ discredited Woodland's testimony, because (1) medical records did not support his claim of 12 continuous months of headaches, (2) claimant failed to show that regular use of eye drops was so intrusive that he could not work for 12 months after onset date, (3) he attended college classes and graduated with an associate's degree during the alleged disability period, and (4) there was improvement and recovery with his right eye vision less than 12 months after alleged onset date. (Tr. 21-22.)

The Court finds that the ALJ did not commit reversible error by failing to mention Ms. Woodland's undated and unsigned letter regarding her husband's symptoms from his eye condition. The information contained in Ms. Woodland's letter was cumulative to Woodland's

5

testimony regarding his symptoms.  The ALJ could discredit the information contained in the letter for the same reasons that Woodland's testimony could be discredited.  Consideration of Mrs. Woodland's testimony would not have changed the outcome of the case.  Woodland has not identified any other errors by the ALJ; therefore, the Court finds that the ALJ's failure to mention Mrs. Woodland's undated and unsigned statement was not reversible error.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**.  [Docs. 1, 21.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 13th day of September, 2016.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE